UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X

TELVA GREEN,

           Plaintiff,

-against-

VINCENT DEBRULE, Captain;
NYC DEPT. OF CORRECTION,

           Defendants.[1]
──────────────────────────────X

**MEMORANDUM AND ORDER**
15 CV 4546 (WKF)

KUNTZ, United States District Judge:

Plaintiff Telva Green brings this *pro se* complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) to 2000e-17 ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("the ADEA"). Plaintiff seeks to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff is directed to pay the statutory filing fee of $400.00 within fourteen (14) days of the date of this Order in order to proceed with this action.

## Discussion

### IFP Status

The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., No. 10 CV 3812,

---

[1] Title VII and the ADEA does not permit the imposition of liability on individuals in their individual or representative capacities. See McMahon v. Napolitano, No. 13 CV 1404, 2013 WL 1410382, at *1 (E.D.N.Y. Apr. 8, 2013) (noting that Title VII does not provide for individual liability); Guerra v. Jones, 421 Fed.Appx. 15, 17 (2d Cir. 2011) (noting that the ADEA does not "subject[ ] individuals, even those with supervisory liability over [a] plaintiff, to personal liability").

2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., No. 07 CV 1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs v. County of Westchester, et al., No. 00 Civ. 8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)); accord Matthews v. Gaither, 902 F.2d 877, 881 (11th Cir. 1990). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. Pinede v. New York City Dept. of Environmental Protection, No. 12 CV 06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013); DiGianni v. Pearson Educ., No. 10 CV 0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing Maccaro v. N.Y. City Health & Hospitals Corp., No. 07 CV 1413, 2007 WL 1101112, at *1 (E.D.N.Y. Apr. 11, 2007)).

The financial declaration form that plaintiff has submitted ("Decl.") does not satisfy the Court that she is unable to pay the Court's filing fee to commence this action. Plaintiff states that she is presently employed and her gross wages are $2,800.00, bi-weekly and her take home wages are $ 2,200.00. Decl. ¶ 2. Moreover, she states that she owns a home that is valued at $150,00.00. Decl. ¶ 5. She presently has $600.00 in a checking or savings account. Decl. ¶ 4. Although plaintiff states that she has monthly expenses including a mortgage and a home equity line of credit, her financial declaration establishes that she has sufficient resources to pay the $400.00

filing fee to commence this action. Decl. ¶ 6. Accordingly, her request to proceed IFP is therefore denied.

## Conclusion

Plaintiff must pay the $400.00 filing fee within fourteen (14) days of the date of this Order in order to proceed further. No summons shall issue at this time and all further proceedings shall be stayed for fourteen (14) days or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee within the time allowed, the instant complaint shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge William K. Kuntz, II
WILLIAM K. KUNTZ, II
United States District Judge

Dated: August 5, 2015
Brooklyn, New York